UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DILLON LUCAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 19 C 6642 |
| v. | ) |
| | ) Judge Jorge L. Alonso |
| EAKAS CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Dillon Lucas ("Lucas") filed against defendant Eakas Corporation ("Eakas") a two-count complaint asserting claims under the Family and Medical Leave Act ("FMLA"). Defendant moves to dismiss. For the reasons set forth below, the Court denies the motion to dismiss.

**I.     BACKGROUND**

The following facts are from plaintiff's complaint, and the Court takes them as true.

Plaintiff began working for defendant in October 2016. Plaintiff's wife gave birth to plaintiff's daughter in April 2017, at which point plaintiff was not eligible for FMLA leave. Plaintiff's daughter was very ill and spent the first two months of her life in the neo-natal intensive care unit. After plaintiff's daughter was released, she continued to require constant care and to wear heart monitors due to bradycardia.

Plaintiff continued to work for defendant for the next two-and-a-quarter years. During that time, defendant "was fully aware the Plaintiff was taking time off for care of [his] very sick child." (Complt. ¶ 21). Nonetheless, from October 2017 (when plaintiff became eligible for FMLA leave) and March 2019, defendant never offered plaintiff FMLA leave. By April 2019,

defendant approved plaintiff for intermittent FMLA leave. At that point, plaintiff began taking between two and four hours of leave one or two times per week.

On or about July 24, 2019, defendant terminated plaintiff's employment. Plaintiff alleges that, on July 24, 2019, a few minutes before the start of plaintiff's shift, defendant's Vice President asked plaintiff what he was going to do about a work problem. Plaintiff responded that he was off the clock. The Vice President told plaintiff to get out of his factory, and plaintiff left. The next day, before plaintiff's shift, a human resources manager telephoned plaintiff and told him his employment was terminated. Plaintiff asked why, and he was told it was due to insubordination. Plaintiff alleges that the given reason was pretextual and that the true reason for his discharge was retaliation for his having taken FMLA leave.

Defendant moves to dismiss.

## II. STANDARD ON A MOTION TO DISMISS

The Court may dismiss a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure if the plaintiff fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). Under the notice-pleading requirements of the Federal Rules of Civil Procedure, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not provide detailed factual allegations, but mere conclusions and a "formulaic recitation of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. To survive a motion to dismiss, a claim must be plausible. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Allegations that are as consistent with lawful conduct as they are with unlawful conduct are not sufficient; rather, plaintiffs must include allegations that "nudg[e] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

In considering a motion to dismiss, the Court accepts as true the factual allegations in the complaint and draws permissible inferences in favor of the plaintiff. *Boucher v. Finance Syst. of Green Bay, Inc.*, 880 F.3d 362, 365 (7th Cir. 2018).

### III.    DISCUSSION

The FMLA grants "an eligible employee" up to "12 workweeks of leave during any 12-month period" in order "to care for . . . a . . . daughter . . . if such . . . daughter . . . has a serious health condition." 29 U.S.C. § 2612(a)(1)(C). Pursuant to 29 U.S.C. § 2615(a)(1), it is "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this chapter."

To establish a claim for interference with FMLA rights, a plaintiff must establish: "(1) [he] was eligible for the FMLA's protections; (2) [his] employer was covered by the FMLA; (3) [he] was entitled to leave under the FMLA; (4) [he] provided sufficient notice of [his] intent to take leave; and (5) [his] employer denied [him] FMLA benefits to which [he] was entitled." *Taylor-Novotny v. Health Alliance Med. Plans, Inc.*, 772 F.3d 478, 498 (7th Cir. 2014). The "employee's duty is merely to place the employer on notice of a probable basis for FMLA leave." *Aubuchon v. Knauf Fiberglass GmbH*, 359 F.3d 950, 953 (7th Cir. 2004). To do so when an employee needs leave to care for a family member, an employee is "not required to specifically refer to the FMLA so long as [he] 'alert[ed] [his] employer to the seriousness of the health condition' . . . and indicate[d] that the leave is sought to care for" a family member. *Nicholson v. Pulte Homes Corp.*, 690 F.3d 819, 826 (7th Cir. 2012) (quoting *Stevenson v. Hyre Elec. Co.*, 505 F.3d 720, 725 (7th Cir 2007)).

Defendant argues that plaintiff has not sufficiently plead that he gave sufficient notice that he needed FMLA leave before he was actually granted leave in April 2019. The Court

3

disagrees. Federal courts do not require fact pleading, and plaintiff has alleged defendant "was fully aware the Plaintiff was taking time off for care of [his] very sick child." (Complt. ¶ 21). That is enough to put defendant on notice of plaintiff's claim. Whether plaintiff can prove it is a question for another day.

The FMLA also makes it unlawful "for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter." 29 U.S.C. § 2615(a)(2). The "difference between a retaliation and interference theory is that the first 'requires proof of discriminatory or retaliatory intent while [an interference theory] requires only proof that the employer denied the employee his or her entitlements under the Act.'" *Goelzer v. Sheboygan Cty., Wis.*, 604 F.3d 987, 995 (7th Cir. 2010). To prevail on this claim, plaintiff must establish: "(1) [he] engaged in statutorily protected activity; (2) [defendant] subjected [him] to an adverse action; and (3) the protected activity caused the adverse action." *Riley v. City of Kokomo*, 909 F.3d 182, 188 (7th Cir. 2018).

Discrimination claims are the easiest to state and require the least elaboration. The standard is "undemanding." *Tate v. SCR Medical Transp.*, 809 F.3d 343, 346 (7th Cir. 2015). To survive a 12(b)(6) motion, a complaint alleging "discrimination need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis" of a protected class. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008). The same is true for claims of retaliation, *Tamayo*, 526 F.3d at 1085, including those brought under the FMLA, *Shofner v. Branding Iron Holdings, Inc.*, Case No. 15-cv-1166, 2016 WL 879630 at *3 (S.D. Ill. March 8, 2016). Here, plaintiff alleges his employment was terminated in retaliation for his having taken FMLA leave. That is enough.

4

Defendant argues that plaintiff has pleaded himself out of court by admitting his discharge was not related to his FMLA leave. *See Epstein v. Epstein*, 843 F.3d 1147, 1150 (7th Cir. 2016) (A "plaintiff pleads himself out of court when it would be necessary to contradict the complaint in order to prevail on the merits.") (quoting *Hecker v. Deere & Co.*, 556 F.3d 575, 588 (7th Cir. 2009)). Specifically, defendant argues plaintiff pleaded himself out of court by alleging he was discharged following an argument with the Vice President. The Court disagrees. Defendant is correct that plaintiff alleges the Vice President told him to leave the factory and that he was told the next morning that he was discharged due to insubordination. Those facts, however, do not foreclose the possibility that plaintiff can prevail on his claim. Plaintiff specifically alleges that the true motive for his discharge was retaliation. He has stated a claim.

## IV. CONCLUSION

For the reasons set forth above, the Court denies defendant's motion [9] to dismiss. Defendant's answer is due August 14, 2020. By August 21, 2020, the parties must file a status report with a proposed schedule for discovery.

**SO ORDERED.**  ENTERED:  July 23, 2020

_____
**HON. JORGE ALONSO**
**United States District Judge**